Law Office of Blake D. Gunn
P.O. Box 22146
Mesa, Arizona 85277
480-710-8677
Fax 480-393-7162
bgunn@gunnfirm.com

Blake D. Gunn, SBN 019112
Attorney for Movant

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE<br><br>RDX TECHNOLOGIES CORPORATION,<br><br>              Debtor.<br><br>TOWN OF DEAVER, WYOMING,<br><br>              Movant<br><br>vs.<br><br>RDX TECHNOLOGIES CORPORATION,<br><br>              Respondents | Case No. 2:15-bk-15859-PS<br><br>Chapter 11<br><br>**MOTION FOR RELIEF FROM AUTOMATIC STAY** |

      The Town of Deaver, Wyoming, by and through counsel undersigned, hereby requests that the Court enter an order modifying the automatic stay and/or enter an order allowing termination of a lease entered by the Debtor (or its subsidiary) so that the Town may pursue a bond on a construction project the Debtor failed to start. The bases for this Motion are the following.

      1.     The Debtor filed a Chapter 11 petition on December 17, 2015.

1

2. The Debtor scheduled a claim for the Town of Deaver as a general unsecured claim, athough the Town believes that the Debtor is a party to (and in default of) an unexpired lease. The lease is attached as Exhibit "A". It identifies the lessee as Ridgeline Energy Services, Inc. The Debtor's principal is the signer of the lease, and the Town believes that the Debtor has an affiliation with Ridgeline or may otherwise be obligated to perform on the lease. Consequently, this Motion is a precautionary measure to ensure that the Town does not take action that violates the automatic stay in the Debtor's case.

3. In connection with the lease transaction, the Ridgeline and/or the Debtor became obligated to demolish an existing structure and construct a new steel building on the leased premises. The Ridgeline and/or the Debtor posted a bond to ensure the Town payment in the event it failed to perform on the demolition and construction obligations. The bond expires in May 2016, and the Town must take steps to perfect its right to payment from the bonding company.

4. Although 11 U.S.C. §362(a) generally does not apply to actions against third party guarantors or sureties, a creditor is not allowed to unilaterally terminate a lease or executory contract without first seeking bankruptcy court approval. Also, the Town does not have knowledge concerning the nature of the relationship between the Debtor and the surety providing the bond, and cannot evaluate whether seeking recovery from the surety would affect the Estate. And although the Town does not believe a performance bond would be Estate property (see e.g. *In re Minoco Group of Companies, Ltd.*, 799 F.2d 517 (9th Cir. 1986), the Town cannot evaluate that question by itself. Thus, in an abundance of caution the Debtor seeks modification of the stay to allow it to pursue whatever claims it may have against the bond issuer.

5. The Debtor also seeks to compel rejection, or confirm termination, of the lease between the Town and the Debtor so that it may take appropriate steps to obtain substitute performance from a third party.

6. The automatic stay of 11 U.S.C. §362 may be vacated or modified upon a showing of "cause." "Cause" has no clear definition and is decided on a case by case basis. *In re Conejo Enters., Inc.*, 96 F.3d 346, 352 (9th Cir. 1996).

2

7.      In this case, the Town has an opportunity to recover on its claim from a third party surety, and it is equitable to allow the Town to seek such recovery. Recovery from a third party reduces liabilities of the Estate. The Town also seeks relief from the stay only to the extent necessary to recover from the surety, and it will not take action against the Debtor in connection with that effort. Also, it is probable that the stay does not apply to the Town's claim against the surety. Furthermore, the Debtor does not appear to have direct liability on the lease, and the order by the court would merely be in the nature of a "comfort order". Consequently, cause for relief in this case exists.

8.      The Debtor also requests that the Court enter an order compelling the Debtor to assume or reject the lease agreement. The Town did not formally terminate the lease pre-petition; to the extent it has a leasehold interest, the Debtor has not terminated the lease. Although a debtor in possession is entitled to assume or reject executory contracts any time prior to confirmation of a plan, it must cure defaults and provide adequate assurance of future performance. 11 U.S.C. §365. Since the Debtor is nearly two years behind on rent, is obligated to perform construction services, no longer uses the facilities, and has scheduled the debt to the Town as a general unsecured claim, it is highly unlikely that the Debtor intends to assume the lease even if it does have a leasehold interest. Accordingly, the Debtor suffers no prejudice by an order requiring it to state its intention at this point in the case.

WHEREFORE the Town of Deaver requests that the Court enter an order modifying the automatic stay to allow it to pursue claims against the performance bond provided by the Debtor, and enter an order compelling the Debtor to assume or reject the lease.

DATED this 19th day of February 2016.

/s/ Blake D. Gunn 019112
Blake D. Gunn
P.O. Box 22146
Mesa, Arizona 85277
480-270-5073
Attorney for Movant

3

FILED via ECF this 19th day of February 2016.

COPY of the foregoing mailed
This 19th day of February 2016 to:

Ronald J. Ellett
2999 N. 44th St.
Suite 330
Phoenix, AZ 85018

All persons requesting notice

By: /s/ Blake D. Gunn