## LEASE

Lease made June 14, 2012, between the Town of Deaver, 113 First Avenue West, State of Wyoming, herein referred to as Lessor, and Ridgeline Energy Services USA Inc., 7047 East Greenway Parkway Blvd., Floor 2, Scottsdale, Arizona, herein referred to as Lessee.

### RECITALS

1. Lessor is the sole owner of the premises described below, and desires to lease the premises to a suitable Lessee for business purposes.

2. Lessee desires to lease the premises for the purpose of manufacturing tanks and water treatment equipment, including laboratory and general office and for no other purpose.

3. The parties desire to enter a lease agreement defining their rights, duties, and liabilities relating to the premises.

In consideration of the mutual covenants contained herein, the parties agree as follows:

### SECTION ONE
### SUBJECT AND PURPOSE

Lessor leases the buildings located in the County of Big Horn, State of Wyoming, and more particularly described as follows:

All of Block 75 and Block 76, to the Town of Deaver, Big Horn County, Wyoming,

to Lessee for Lessee's use as follows:

### SECTION TWO
### TERM AND RENT

Lessor demises the above premises for a term of five (5) years, commencing July 1, 2012, and terminating on July 30, 2017, at 12:00 o'clock p.m. or sooner as provided herein, at the monthly rental of Five Thousand Five Hundred and no/100 Dollars ($5,500.00), for the first year, Six Thousand Eight Hundred – Fifty and no/100 Dollars ($6,850.00) per month for the second year, Seven Thousand Five Hundred and no/100 Dollars ($7,500.00) per month for the third year, Eight Thousand Five Hundred and no/100 Dollars ($8,500.00.00) per month for the fourth year and Eight Thousand Eight Hundred and fifty and no/100 Dollars ($8,850.00) per month for the fifth year. The rent shall be paid on an annualized basis on the first of July of each year. All rental payments shall be made to Lessor at 113 First Avenue West, Deaver, Wyoming. Lessee shall pay the rent as specified herein and in Section Three hereof. In the event Lessee fails to exercise the option to purchase or the Lessor is unable to transfer title to Lessee this lease shall be extended for an additional fifty years commencing with a monthly rental of Eight Thousand – Five Hundred and no/100 Dollars ($8,500.00) per month with a one percent per year escalation.

Lessor agrees to utilize up to ten percent (10%) of the lease revenues for road and utility maintenance appurtenant to the leased premises.

### SECTION THREE
### ADDITIONAL RENT

All taxes, charges, costs and expenses that Lessee assumes or agrees to pay hereunder, together with all interest and penalties that may accrue thereon in the event

of the failure of Lessee to pay those items, and all other damages, costs, expenses, and sums that Lessor may suffer or incur, or that may become due, by reason of any default of Lessee or failure by Lessee to comply with the terms and conditions of this lease shall be deemed to be additional rent, and, in the event of nonpayment, Lessor shall have all the rights and remedies as herein provided for failure to pay rent.

## SECTION FOUR
## ALTERATIONS, ADDITIONS, AND IMPROVEMENTS

a. Subject to the limitation that no substantial portion of the building on the demised premises shall be demolished or removed by Lessee without prior written consent of Lessor. Alterations shall be performed in a workmanlike manner and shall not weaken or impair the structural strength, or lessen the value, of the buildings on the premises, or change the purposes for which the building, or any part thereof, may be used.

b. Conditions with respect to alterations, additions, or improvements are as follows:

(1) Before commencement of any work all plans and specifications shall be filed with and approved by the Town of Deaver and any authorities having jurisdiction and any public utility company having an interest therein, and all work shall be done in accordance with requirements of local regulations. The plans and specifications for <u>any</u> **alterations shall be submitted to Lessor for written approval prior to commencing work.**

c. All alterations, additions, and improvements on or in the demised premises at the commencement of the term, and that may be erected or installed during the term, shall become part of the demised premises and the sole property of Lessor, except that all moveable trade fixtures installed by Lessee shall be and remain the property of Lessee.

d. Lessee shall construct a 40' x 80' steel building, on property designated by Lessor, said construction to commence within thirty days of receipt of Lessor's specifications and completed within 45 days. The cost to Lessee shall not exceed One Hundred Thousand and no/100 Dollars ($100,000.00). All work shall be performed in a workmanlike manner.

e. Lessee shall assume said maintenance liability on roads designated by the parties as Lessee truck routes.

## SECTION FIVE
## REPAIRS

Lessee shall, at all times during the lease and at its own cost and expense, repair, replace, and maintain in a good, safe, and substantial condition, the buildings and Lessee shall use all reasonable precaution to prevent waste, damage, or injury to the demised premises.

## SECTION SIX
## TAXES

Lessee shall pay on or before the last day on which payment may be made without penalty or interest, all taxes, assessments, or other governmental charges that shall or may during the lease term be imposed on, or arise in connection with the use of, the demised premises or any part thereof. Lessee shall pay all taxes assessed in lieu of or in addition to the foregoing under all present or future laws of all governmental

Case 2:15-bk-15859-PS    Doc 56-1    Filed 02/19/16    Entered 02/19/16 17:33:44    Desc
Exhibit A Lease    Page 2 of 10

authorities whatsoever. Lessee shall have the right to apply for the conversion of any special assessment for local improvements in order to cause the same to be payable in installments, and on the conversion Lessee shall be obligated to pay only those installments that may become due during the lease. Lessee shall within ten (10) days after the time provided for the payment of any tax or other governmental charge by Lessee, produce and exhibit to Lessor satisfactory evidence of the payment. It is the intention of the parties that the rent herein is net rental, and Lessor shall receive the same free from all taxes that are made payable by Lessee.

## SECTION SEVEN
## UTILITIES

All applications and connections for necessary utility services on the demised premises shall be made in the name of Lessee only, and Lessee shall be solely liable for utility charges as they become due, including those for sewer, water, gas, electricity, garbage and raw water. Lessee shall be solely responsible for all upgrades to utilities.

## SECTION EIGHT
## INSURANCE

a. During the term of the lease and for any further time that Lessee shall hold the demised premises, Lessee shall obtain and maintain at his expense the following types and amounts of insurance:

(1) Fire insurance. Lessee shall keep all improvements, and equipment on the demised premises insured against loss or damage by fire, with all standard extended coverage that may be required by any first mortgagee. The insurance shall be in an amount sufficient to prevent Lessor and Lessee from become co-insurers under provisions of applicable policies of insurance. If at any time there is a dispute as to the amount of such insurance the same shall be settled by arbitration.

(2) Personal injury and property damage insurance. Insurance against liability for bodily injury and property damage and machinery insurance, all to be in amounts and in forms of insurance policies as may from time to time be required by Lessor, shall be provided by Lessee, and in amounts as required by the Town of Deaver, but at least Two Hundred Fifty Thousand and no/100 Dollars ($250,000.00) to any claimant for any number of claims arising out of a single transaction or occurrence of Five Hundred Thousand and no/100 Dollars ($500,000.00) for all claims of all claimants arising out a single transaction or occurrence.

(3) Other insurance. Lessee shall provide and keep in force other insurance in amounts that may from time to time be required by Lessor against other insurable hazards as are commonly insured against for the type of business activity that Lessee will conduct.

b. All insurance provided by Lessee as required by this section shall be carried in favor of Lessor and Lessee as their respective interests may appear, and in the case of insurance against damage to the demised premises by fire or other casualty, shall provide that loss, if any, shall be adjusted with and be payable to Lessor. If requested by Lessor, any insurance against fire or other casualty shall provide that loss shall be payable to the holder under a standard mortgage clause. Rent insurance and use and occupancy insurance may be carried in favor of Lessee, but the proceeds are hereby assigned to Lessor to be held by Lessor as security for the payment of the rent and any additional rent hereunder until restoration of the premises. All insurance shall be written with responsible companies that Lessor shall approve, and the policies shall be held by Lessor or, when appropriate, by the holder of any mortgage, in which case copies of the policies or certificates of insurance shall be delivered by Lessee or Lessor. All policies shall require 30 days' notice by registered mail to Lessor of any cancellation

3

Case 2:15-bk-15859-PS    Doc 56-1    Filed 02/19/16    Entered 02/19/16 17:33:44    Desc
Exhibit A Lease    Page 3 of 10

or change affecting any interest of Lessor.

## SECTION NINE
## UNLAWFUL OR DANGEROUS ACTIVITY

Lessee shall neither use nor occupy the demised premises or any part thereof for any unlawful, disreputable, or ultrahazardous business purpose nor operate or conduct his business in a manner constituting a nuisance of any kind. Lessee shall immediately, on discovery of any unlawful, disreputable, or ultrahazardous use, take action to halt such activity. Lessee shall be bound by all town ordinances.

## SECTION TEN
## INDEMNITY

Lessee shall indemnify Lessor against all expenses, liabilities, and claims of every kind, including reasonable counsel fees, by or on behalf of any person or entity arising out of either (1) a failure by Lessee to perform any of the terms or conditions of this lease, (2) any injury or damage happening on or about the demised premises, (3) failure to comply with any law of any governmental authority, or (4) any mechanic's lien or security interest filed against the demised premises or equipment, materials, or alterations of buildings or improvements thereon.

## SECTION ELEVEN
## DEFAULT OR BREACH

Each of the following events shall constitute a default or breach of this lease by Lessee:

※ (1) If Lessee, or any successor or assignee of Lessee while in possession, shall file a petition in bankruptcy or insolvency or for reorganization under any bankruptcy act, or shall voluntarily take advantage of any such act by answer or otherwise, or shall make an assignment for the benefit of creditors.

※ (2) If voluntary proceedings under any bankruptcy law or insolvency act shall be instituted against Lessee, or if a receiver or trustee shall be appointed of all or substantial all of the property of Lessee, and such proceedings shall not be dismissed or the receivership or trusteeship vacated within ten (10) days after the institution or appointment.

★ (3) If Lessee shall fail to pay Lessor any rent or additional rent when the rent shall become due and shall not make the payment within ten (10) days after notice thereof by Lessor to Lessee.

※ (4) If Lessee shall fail to perform or comply with any of the conditions of this lease and if the nonperformance shall continue for a period of ten (10) days after notice thereof by Lessor, by Lessee or, if the performance cannot be reasonably had within the 10 day period, Lessee shall not in good faith have commenced performance within the 10 day period and shall not diligently proceed to completion of performance.

(5) If Lessee shall vacate or abandon the demised premises.

(6) If this lease or the estate of Lessee hereunder shall be transferred to or shall pass to or devolve on any other person or party, except in the manner herein permitted.

## SECTION TWELVE

4

## EFFECT OF DEFAULT

In the event of any default hereunder, as set forth in Section Twelve, the rights of Lessor shall be as follows:

(1) Lessor shall have the right to cancel and terminate this lease, as well as all of the right, title, and interest of Lessee hereunder, by giving to Lessee not less than 60 days' notice of the cancellation and termination. On expiration of the time fixed in the notice, this lease and the right, title, and interest of Lessee hereunder, shall terminate in the same manner and with the same force and effect, except as to Lessee's liability, as if the date fixed in the notice of cancellation and termination were the end of the term herein originally determined.

(2) Lessor may elect, but shall not be obligated, to make any payment required of Lessee herein or comply with any agreement, term, or condition required hereby to be performed by Lessee, and Lessor shall have the right to enter the demised premises for the purpose of correcting or remedying any such default and to remain until the default has been corrected or remedied; but any expenditure for the correction by Lessor shall not be deemed to waive or release the default of Lessee or the right of Lessor to take any action as may be otherwise permissible hereunder in the case of any default.

(3) Lessor may re-enter the premises immediately and remove the property and personnel of Lessee, and store the property in a public warehouse or at a place selected by Lessor, at the expense of Lessee. After re-entry Lessor may terminate the lease on giving 10 days' written notice of termination to Lessee. Without the notice, re-entry will not terminate the lease. On termination Lessor may recover from Lessee all damages proximately resulting from the breach, including the cost of recovering the premises, and the worth of the balance of this lease over the reasonable rental value of the premises for the remainder of the lease term, which sum shall be immediately due Lessor from Lessee.

(4) After re-entry, Lessor may relet the premises or any part thereof for any term without terminating the lease, at the rent and on the terms as Lessor may choose. Lessor may make alterations and repairs to the premises. The duties and liabilities of the parties if the premises are relet as provided herein shall be as follows:

(a) In addition to Lessee's liability to Lessor for breach of the lease, Lessee shall be liable for all expenses of the reletting, for the alterations and repairs made, and for the difference between the rent received by Lessor under the new lease agreement and the rent installments that are due for the same period under this lease.

(b) Lessor shall have the right, but shall not be required, to apply the rent received from reletting the premises (1) to reduce the indebtedness of Lessee to Lessor under the lease, not including indebtedness for rent, (2) to expenses of the reletting and alterations and repairs made, (3) to rent due under this lease, or (4) to payment of future rent under this lease as it becomes due.

If the new Lessee does not pay a rent installment promptly to Lessor, and the rent installment has been credited in advance of payment to the indebtedness of Lessee other than rent, or if rentals from the new Lessee have been otherwise applied by Lessor as provided for herein and during any rent installment period are less than the rent payable for the corresponding installment period under this lease, Lessee shall pay Lessor the deficiency, separately for each rent installment deficiency period, and before the end of that period. Lessor may at any time after a reletting terminate the lease for the breach on which Lessor had based the re-entry and subsequently relet the premises.

(5) After re-entry, Lessor may procure the appointment of a receiver to take

5

Case 2:15-bk-15859-PS    Doc 56-1    Filed 02/19/16    Entered 02/19/16 17:33:44    Desc
Exhibit A Lease    Page 5 of 10

possession and collect rents and profits of the business of Lessee, and, if necessary to collect the rents and profits. The receiver may carry on the business of Lessee and take possession of the personal property used in the business of Lessee, including inventory, trade fixtures, and furnishings, and use them in the business without compensating Lessee. Proceedings for appointment of a receiver by Lessor, or the appointment of a receiver and the conduct of the business of Lessee by the receiver, shall not terminate and forfeit this lease unless Lessor has given written notice of termination to Lessee as provided herein.

## SECTION THIRTEEN
## DESTRUCTION OF PREMISES

In the event of a partial destruction of the premises during the term from any cause, Lessor shall forthwith repair the same, provided the repairs can be made within 30 days under the laws and regulations of applicable governmental authorities. Any partial destruction shall neither annul nor void this lease, except that Lessee shall be entitled to a proportionate reduction of rent while the repairs are being made, any proportionate reduction being based on the extent to which the making of repairs shall interfere with the business carried on by Lessee in the premises. If the repairs cannot be made in the specified time, Lessor may, at Lessor's option, make repairs within a reasonable time, this lease continuing in full force and effect and the rent to be proportionately rebated as previously set forth in this section. In the event that Lessor does not elect to make repairs that cannot be made in the specified time, or those repairs cannot be made under the laws and regulations of the applicable governmental authorities, this lease may be terminated at the option of either party. Should the building in which the demised premises is situated be destroyed to the extent of not less than Seventy-five percent (75%) of the replacement cost thereof, this lease shall be terminated. Any dispute between Lessor and Lessee relative to the provisions of this section shall be subject to arbitration. Each party shall select an arbitrator and the two arbitrators so selected shall select a third arbitrator between them, the controversy being heard by the three arbitrators so selected. The decision of the three arbitrators shall be final and binding on both Lessor and Lessee, who shall bear the cost of the arbitration equally between them.

## SECTION FOURTEEN
## CONDEMNATION

Rights and duties in the event of condemnation are as follows:

(1) If the whole of the demised premises shall be taken or condemned by any competent authority for any public or quasi-public use or purpose, this lease shall cease and terminate as of the date on which title shall vest thereby in that authority, and the rent reserved hereunder shall be apportioned and paid up to that date.

(2) If only a portion of the demised premises shall be taken or condemned, this lease and the term hereof shall not cease or terminate, but the rent payable after the date on which Lessee shall be required to surrender possession of such portion shall be reduced in proportion to the decreased use suffered by Lessee as the parties may agree or as shall be determined by arbitration.

(3) In the event of any taking or condemnation in whole or in part, the entire resulting award of consequential damages shall belong to Lessor without any deduction therefrom for the value of the unexpired term of this lease or for any other estate or interest in the demised premises now or later vested in Lessee. Lessee assigns to Lessor all his right, title, and interest in any and all such awards.

(4) In the event of a partial taking, Lessee shall promptly proceed to restore the remainder of the building on the demised premises to a self-contained architectural

6

unit, and Lessor shall pay to Lessee the cost of restoration but in no event to exceed the sum equal to the amount of the separate award made to and received by Lessor for consequential damage, the value shall be fixed and settled by arbitration as herein provided. The balance of any separate award or allocated amount not so used shall belong to and be detained by Lessor as its sole property.

(5) In case of any governmental action not resulting in the taking or condemnation of any portion of the demised premises but creating a right to compensation therefor, or if less than a fee title to all or any portion of the demised premises shall be taken or condemned by any governmental authority for temporary use or occupancy, this lease shall continue and the rights of the parties shall be unaffected by the other provisions of this section, but shall be governed by applicable law.

## SECTION FIFTEEN
## EASEMENTS, AGREEMENTS, OR ENCUMBRANCES

The parties shall be bound by all existing easements, agreements, and encumbrances of record relating to the demised premises, and Lessor shall not be liable to Lessee for any damages resulting from any action taken by a holder of an interest pursuant to the rights of that holder thereunder.

## SECTION SIXTEEN
## QUIET ENJOYMENT

Lessor warrants that Lessee shall be granted peaceable and quiet enjoyment of the demised premises free from any eviction or interference by Lessor if Lessee pays the rent and other charges provided herein, and otherwise fully and punctually performs the terms and conditions imposed on Lessee.

## SECTION SEVENTEEN
## LIABILITY OF LESSOR

Lessee shall be in exclusive control and possession of the demised premises, and Lessor shall not be liable for any injury or damages to any property or to any person on or about the demised premises nor for any injury or damage to any property of Lessee. The provisions herein permitting Lessor to enter and inspect the demised premises are made to insure that Lessee is in compliance with the terms and conditions hereof and makes repairs that Lessee has failed to make. Lessor shall not be liable to Lessee for any entry on the premises for inspection purposes.

## SECTION EIGHTEEN
## RENT ABATEMENT

No abatement, diminution, or reduction of rent shall be claimed or allowed to Lessee or any person claiming under him under any circumstances, whether for inconvenience, discomfort, interruption of business or otherwise, arising from the making of alterations, improvements, or repairs to the premises, because of any governmental laws or arising from and during the restoration of the demised premises after the destruction or damage thereof by fire or other cause or the taking or condemnation of a portion only of the demised premises except as provided in Section Fourteen and Fifteen.

7

## SECTION NINETEEN
## REPRESENTATIONS BY LESSOR

At the commencement of the term Lessee shall accept the buildings and improvements and any equipment in their existing condition and state of repair, and Lessee agrees that no representations, statements, or warranties, express or implied, have been made by or on behalf of Lessor in respect thereto except as contained in the provisions of this lease, and Lessor shall in no event be liable for any latent defects.

## SECTION TWENTY
## WAIVERS

The failure of Lessor to insist on a strict performance of any of the terms and conditions hereof shall be deemed a waiver of the rights or remedies that Lessor may have regarding that specific instance only, and shall not be deemed a waiver of any subsequent breach or default in any terms and conditions.

## SECTION TWENTY-ONE
## NOTICE

All notices to be given with respect to this lease shall be in writing. Each notice shall be sent by registered or certified mail, postage prepaid and return receipt requested, to the party to be notified at the address set forth herein or at such other address as either party may from time to time designate in writing.

Every notice shall be deemed to have been given at the time it shall be deposited in the United States mails in the manner prescribed herein. Nothing contained herein shall be construed to preclude personal service of any notice in the manner prescribed for personal service of a summons or other legal process.

## SECTION TWENTY-TWO
## ASSIGNMENT, MORTGAGE, OR SUBLEASE

Neither Lessee nor her successors or assigns shall assign, mortgage, pledge, or encumber this lease or sublet the demised premises in whole or in part, or permit the premises to be used or occupied by others, nor shall this lease be assigned or transferred by operation of law, without the prior consent in writing of Lessor in each instance. If this lease is assigned or transferred, or if all or any part of the demised premises is sublet or occupied by anybody other than Lessee, Lessor may, after default by Lessee, collect rent from the assignee, transferee, subtenant, or occupant, and apply the net amount collected to the rent reserved herein, but no such assignment, subletting, occupancy, or collection shall be deemed a waiver of any agreement or condition hereof, or the acceptance of the assignee, transferee, subtenant, or occupant as Lessee. Lessee shall continue to be liable hereunder in accordance with the terms and conditions hereof. The consent by Lessor to an assignment, mortgage, pledge, or transfer shall not be construed to relieve Lessee from obtaining the express written consent of Lessor to any future transfer of interest.

## SECTION TWENTY-THREE
## SURRENDER OF POSSESSION

Lessee shall, on the last day of the term, or on earlier termination and forfeiture of the lease, peaceably and quietly surrender and deliver the demised premises to Lessor free of subtenancies, including all buildings, additions, and improvements constructed or placed thereon by Lessee, except moveable trade fixtures, all in good condition and repair. Any trade fixtures or personal property not used in connection with the operation of the demised premises and belonging to Lessee, if not removed at the termination or default, and if Lessor shall so elect, shall be deemed abandoned and

8

become the property of Lessor without any payment or offset therefor. Lessor may remove such fixtures or property from the demised premises and store them at the risk and expense of Lessee if Lessor shall not so elect. Lessee shall repair and restore all damage to the demised premises caused by the removal of equipment, trade fixtures, and personal property.

## SECTION TWENTY-FOUR
## REMEDIES OF LESSOR

a. In the event of a breach or a threatened breach by Lessee of any of the terms or conditions hereof, Lessor shall have the right of Injunction to restrain Lessee and the right to invoke any remedy allowed by law or in equity, as if the specific remedies of indemnity or reimbursement were not proved herein.

b. The rights and remedies given to Lessor in this lease are distinct, separate, and cumulative, and no one of them, whether or not exercised by Lessor, shall be deemed to be in exclusion of any of the others herein, by law, or by equity provided.

c. In all cases hereunder, and in any suit, action, or proceeding of any kind between the parties, it shall be presumptive evidence of the fact of the existence of a charge being due if Lessor shall produce a bill, notice, or certificate of any public official entitled to give that notice to the effect that such charge appears of record on the books in his office and has not been paid.

d. No receipt of money by Lessor from Lessee after default or cancellation of this lease in any lawful manner (1) reinstate, continue, or extend the term or affect any notice given to Lessee, (2) operate as a waiver of the right of Lessor to enforce the payment of rent and additional rent then due or failing due, or (3) operate as a waiver of the right of Lessor to recover possession of the demised premises by proper suit, action, proceeding, or other remedy. After (1) service of notice of termination and forfeiture as herein provided and the expiration of the time specified therein, (2) the commencement of any suit, action, proceeding, or other remedy, or (3) final order or judgment for possession of the demised premises, Lessor may demand, receive, and collect any monies due, without in any manner affecting such notice, order or judgment. Any and all such monies so collected shall be deemed to be payment on account of the use and occupation of the demised premises or any the election of Lessor, on account of the liability of Lessee hereunder.

## SECTION TWENTY-FIVE
## TOTAL AGREEMENT; APPLICABLE TO SUCCESSORS

This lease contains the entire agreement between the parties and cannot be changed or terminated except by a written instrument subsequently executed by the parties hereto. This lease and the terms and conditions hereof apply to and are binding on the heirs, legal representatives, successors, and assigns of both parties.

## SECTION TWENTY-SIX
## APPLICABLE LAW

This agreement shall be governed by and constructed in accordance with the laws of the State of Wyoming.

## SECTION TWENTY-SEVEN
## TIME OF THE ESSENCE

Time is of the essence in all provisions of this lease.

## SECTION TWENTY-EIGHT
## OPTION TO PURCHASE

On July 1, 2017, Lessee shall have the option to purchase the leased premises for the sum of Five Hundred Fifty Thousand and no/100 Dollars ($550,000.00). The Lessor shall credit Lessee for the full lease payments made by Lessee to Lessor and the balance of the purchase price in the amount of One Hundred Thousand and no/100 Dollars ($100,000.00) shall be paid to Lessor at closing. Said closing shall occur on or before July 31, 2017, unless extended by both parties in writing.

It is understood that there are current title restrictions which may preclude Lessor from conveying title to Lessee and in that event the Lessee and Lessor shall extend the lease, subject to terms and conditions acceptable to both parties. Lessor shall take all reasonable measures to secure title to the premises so as to allow a transfer of title to Lessee.

In the event Lessee elects not to purchase the property, Lessee shall demolish all buildings as required by Lessor to be demolished and remove all demolished material to Lessor's satisfaction. Lessee shall be entitled to retain any demolished materials. Lessee shall provide to Lessor a bond in the amount of Six Hundred Thousand and no/100 Dollars ($600,000.00) as surety for the demolished building and removal of materials. All demolition of the building and removal shall occur within six months of termination of this lease.

In the event a surety bond is canceled, Lessee shall provide a suitable replacement bond within thirty (30) days or deposit the sum of Six Hundred Thousand and no/100 Dollars ($600,000.00) in an escrow account at a banking institution acceptable to Lessor.

In witness whereof, the parties have executed this lease at _July 3, 2012_, the day and year first above written.

LESSOR:

By: _[signature]_
Mayor, Town of Deaver

LESSEE:

By: _[signature]_
Toby Ker, CEO
Ridgeline Energy Services USA Inc.

10